IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br>          Plaintiff,<br>   vs.<br>P.B.S.P. THIRD WATCH,<br>          Defendant. | No. C 07-03144 JW (PR)<br>ORDER OF DISMISSAL<br><br>(Docket Nos. 3 & 5) |

Plaintiff, a California state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff was ordered to show cause why the complaint should not be dismissed pursuant to 28 U.S.C. § 1915(g). He requests an extension of time to file an answer.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

1  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.
2  § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions
3  dismissed before, as well as after, the statute's 1996 enactment.  <u>Tierney v. Kupers</u>,
4  128 F.3d 1310, 1311-12 (9th Cir. 1997).  And as the text of § 1915(g) makes clear,
5  the court may count as strikes dismissals of district court cases as well as dismissals
6  of appeals.  <u>See</u> <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner
7  does not get three frivolous claims and three frivolous appeals before being barred
8  by § 1915(g)).

9        Here, plaintiff has had three or more prisoner actions/appeals dismissed by a
10 federal court on the grounds that they are frivolous, malicious, or fail to state a claim
11 upon which relief may be granted: (1) <u>Weaver v. Pelican Bay State Prison</u>, No. C
12 04-3077 JW (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure
13 to state a claim upon which relief may be granted); (2) <u>Weaver v. Nimrod</u>, No. C 04-
14 3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) <u>Weaver v. Pelican Bay State</u>
15 <u>Prison Mail Room</u>, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); (4)
16 <u>Weaver v. Daniel</u>, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same); and (5)
17 <u>Weaver v. Monterio, et al.</u>, No. 05-0166 RSWL (FMO) (C.D. Cal. Nov. 21, 2005)
18 (same).  Plaintiff therefore may proceed <u>in</u> <u>forma</u> <u>pauperis</u> only if he is seeking relief
19 from a danger of serious physical injury which is "imminent" at the time of filing.
20 <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc);
21 <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999); <u>Ashley v. Dilworth</u>,
22 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir.
23 1998).  He is not.

24       Plaintiff is well aware of the requirements of § 1915(g) which bar him from
25 proceeding <u>in</u> <u>forma</u> <u>pauperis</u> in the instant action.  Plaintiff has filed a total of
26 seventy-nine (79) complaints in <u>pro</u> <u>se</u> in this Court since 2004 to the date of this
27 order, each time filing an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  The Court
28 ordered plaintiff in eighteen separate cases to show cause why the complaint should

not be dismissed under 1915(g), and each time plaintiff's response was unpersuasive and resulted in a dismissal. See e.g.. Weaver v. Whiteford, No. C 04-03894 JW (PR) (N.D. Cal. Sept. 1, 2006), Weaver v. Pelican Bay State Prison, No. C 05-00632 JW (PR) (N.D. Cal. July 27, 2007), Weaver v. Pelican Bay State Prison, No. C 05-02441 JW (PR) (N.D. Cal. Dec. 27, 2005), Weaver v. Pelican Bay State Prison Mail Room, No. C 06-02500 JW (PR) (N.D. Cal. Sept. 8, 2006), and Weaver v. Diaz, No. C 07-00162 JW (PR) (N.D. Cal. July 27, 2007).  In each answer, plaintiff failed to attack the validity of his strikes under 1915(g) or show that he was in imminent danger of serious physical injury when he filed the complaint.  Because plaintiff was given numerous opportunities to attack the validity of the prior strikes and repeatedly failed to do so, the Court deems the validity of the prior strikes undisputed.  Therefore, plaintiff must show on the face of his complaint that he is imminent danger of serious physical injury in order to proceed under § 1915(g).  Plaintiff has not.

Because plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his request to proceed in forma pauperis (Docket No. 3) is DENIED and the instant action is DISMISSED without prejudice to bringing it in a paid complaint.

Plaintiff's request for an extension of time to file an answer (Docket No. 5) is DENIED as he has failed to show good cause why such an extension should be granted.  Plaintiff is a seasoned filer who is fully aware of the Court's filing requirements and deadlines, and his routine and frequent requests for extensions of time in all his cases have only resulted in unnecessary delay.

The clerk shall terminate any pending motions.

DATED:  October 9, 2007

JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.07\Weaver03144_3strikes-dismissal.wpd   3